UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

| | | |
|---|---|---|
| TROY JAMES POWELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 13-072-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| M. SEPANEK, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Troy James Powell is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Powell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Powell's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his petition, Powell indicates that a jury found him guilty in 2002 of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and that he was subsequently sentenced to a 240-month term of incarceration.[1] [D. E. No. 1, pp. 1-2] Powell contends that under the Sixth Circuit's recent decision in *United States v. Blewitt*, No. 12-5226, 2013 WL 2121945 (6th Cir. May 17, 2013), he is entitled to retroactive application of the Fair Sentencing Act of 2010 ("FSA"), and to resentencing under that provision's more lenient 18-1 ratio. [D. E. No. 1, pp. 2-3]

In *Blewitt*, a divided panel of the Sixth Circuit held that the 100-1 ratio of cocaine to crack embodied in the Anti-Drug Abuse Act of 1986 ("ADAA") was racially discriminatory in its effect. *Blewitt*, 2013 WL 2121945, at *4. The majority further held that a judge who determines that, as a matter of construction, the FSA is not retroactively applicable, is at least perpetuating, if not actively engaging in, intentional racial discrimination. *Id.* at *5 ("If we continue now with a construction

---

[1] In a prior petition filed with this Court, Powell indicated that this conviction was entered in a federal court in North Carolina in *United States v. Powell*, 01-CR-05-07 (W.D.N.C. 2001). *See Powell v. Holland*, No. 10-12-HRW (E.D. Ky. 2010).

of the statute that perpetuates the discrimination, there is no longer any defense that the discrimination is unintentional. The discriminatory nature of the old sentencing regime is so obvious that ***it cannot seriously be argued that race does not play a role in the failure to retroactively apply the Fair Sentencing Act.***") (emphasis added). The majority concluded that, in order to avoid constitutional concerns under the Equal Protection Clause, the doctrine of constitutional doubt required that the FSA be interpreted to be retroactively applicable to all defendants sentenced under the ADAA. *Id.* at *6. Finally, the majority contended that retroactive application of the FSA is compelled by the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) itself. *Blewitt*, 2013 WL 2121945, at *7-8.

The dissent in *Blewitt* noted that a constitutional challenge to the ADAA was not raised by either of the parties, but *sua sponte* by the majority without the benefit of briefing; that the majority decision violated the Sixth Circuit's procedural rules by overruling a published decision of a prior panel on the same legal question[2]; and that the majority's decision conflicted with *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321, 2335 (2012) ("in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, *while withholding that change from*

---

[2] *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. April 05, 2013) ("[T]he FSA is not retroactive to defendants like Hammond whose sentences were modified after the effective date of the FSA but who were originally sentenced before its effective date.")

*defendants already sentenced.*") (emphasis added). *Blewitt*, 2013 WL 2121945, at *9-13 (Gilman, J., dissenting).

Seeking to take advantage of the Sixth Circuit's decision in *Blewitt*, Powell filed his petition under § 2241 seeking an order requiring him to be resentenced under the FSA. However, the Court must deny Powell's petition, without prejudice, as he seeks relief prematurely and in the wrong court.

First, while the Sixth Circuit has entered its opinion in *Blewitt*, the decision of a federal appeals court is not final until the court enters its mandate. Fed. R. App. P. 41; *United States v. Jackson*, 549 F.3d 963, 980 (5th Cir. 2008); *Youghiogheny and Ohio Coal Co. v. Milliken*, 200 F.3d 942 (6th Cir. 1999) ("Unlike district courts, the courts of appeals direct the district courts and administrative agencies over which they have appellate or reviewing jurisdiction through mandates, not through orders and judgments."). The delay before the mandate issues is designed to permit the parties to the appeal to seek rehearing, either by the panel or by the Sixth Circuit sitting *en banc*. Reliance upon a decision of an appellate court prior to entry of the mandate invites unnecessary error, and will thus be avoided.

Second, even if the *Blewitt* decision were final, a defendant sentenced under the ADAA make not seek relief under that authority pursuant to a habeas corpus petition filed under § 2241. *Blewitt* authorized such a defendant to seek relief only by filing a motion for "retroactive resentencing under 18 U.S.C. § 3582(c)(2)," a

motion which by its terms must be filed in the court that sentenced him. *Cf. Dillon v. United States*, ___ U.S. ___, 130 S.Ct. 2683, 2688, 2689-91 (2010). In contrast, while the "savings clause" found in 28 U.S.C. § 2255(e) permits a petitioner to challenge his *conviction* in a habeas corpus petition filed under § 2241 in narrowly-defined circumstances, the reach of the "savings clause" does not extend to challenges only to the sentence imposed. *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). To the extent Powell seeks relief under § 3582(c)(2), he most do so by motion filed in the court that sentenced him.

Accordingly, **IT IS ORDERED** that:

1. Powell's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the docket.

This the 8th day of July, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge